JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

BRYAN R. WHITTAKER (TX 24047097)
Special Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3680
   Facsimile: (510) 637-3724
   E-Mail: bryan.whittaker@usdoj.gov

Attorneys for the United States

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHAD A. HOLSTE, ) <br> ) <br> Defendant. ) <br> _____ ) | No. 4-08-70022 WDB <br><br> EMERGENCY MOTION AND ORDER TO STAY RELEASE ORDER PENDING RECONSIDERATION AND FURTHER REVIEW |

     The United States files this Emergency Motion to Stay the Release Order issued by Magistrate Judge Wayne D. Brazil. Judge Brazil is currently unavailable until Monday, January 28, 2008. The United States thereby requests the stay pending reconsideration and further review so the Court may consider additional evidence which was not known by counsel or the Court at the time of the original hearing. The additional evidence demonstrates that the defendant is a danger to the community and that he should not be released from custody. Staying the order one business day will allow the United States to seek reconsideration by Judge Brazil of the release order in the context of the additional evidence.

     On January 16, 2008, Special Agents from Immigrations and Customs Enforcement,

*United States v. Holste*
4-08-70022 WDB

along with the Fremont Police Department, executed a federal search warrant of the defendant Chad A. Holste's residence/dormitory located on the DeVry University campus in Fremont, California . The defendant is a nineteen-year-old male with no criminal history. When Special Agents performed a forensic preview/search of the defendant's desktop computer, they found numerous images of child pornography. These images included small children and toddlers engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256. Special Agents also found several firearms in the defendant's truck. The defendant was arrested on the same date. On the following morning of January 17, 2008, the defendant appeared before Judge Brazil and was arraigned on a Criminal Complaint charging violations of Title 18, United States Code §§ 2252(a)(1) and (a)(4)(B). Based upon the Government's motion, and pursuant to the presumption under 18 U.S.C. § 3142(f) that the defendant was a danger to the community, Judge Brazil ordered the defendant detained for three days. Judge Brazil then set the matter on Magistrate Laporte's calendar for Wednesday, January 23, 2008, for submission of a financial affidavit and a detention hearing.

Over the next several days, undersigned counsel for the United States and counsel for the defendant, Jerome Matthews, discussed possible release conditions which would reasonably assure the appearance of the defendant and would reasonably account for the safety of the community. The parties were able to reach an agreement and Mr. Matthews re-scheduled the detention hearing for January 22, 2008, at 10:00 a.m. before Judge Brazil.

At the detention hearing, the parties conveyed to the Court the agreement and the conditions for the defendant's release. The terms of the agreement included, *inter alia*, that: 1) the defendant would reside with his parents in Redding, California; 2) the defendant be subject to electronic monitoring; 3) the defendant's parents would secure a $250,000 bond with the title to their home in Redding, California; 4) the defendant's father would act as a custodian; 5) the defendant was to have no access to dangerous weapons including firearms or knives; and 6) the defendant would have no access to a computer. Given the agreed upon conditions, Judge Brazil ordered that the defendant be released from custody as soon as Mr. Matthews had completed transfer of the title of the parents home to the Clerk of the Court. Additionally, Mr. Matthews

was also required to provide adequate documentation showing sufficient equity in the property. Mr. Matthews promptly completed the process on the morning of January 24, 2008. Upon receipt and review of the documentation, the United States notified Judge Brazil's Court Clerk that the conditions for release had been satisfied. Pursuant to the terms of the bond, the defendant was then scheduled to be released from the U.S. Marshall's custody on the morning of Friday, January, 25, 2008.

Also on the morning of January 24, 2008, ICE Special Agent Dana Unger delivered the discovery in the case to undersigned counsel. Whereas, after completing review of the real estate transaction documents and speaking with Judge Brazil's Court Clerk, counsel began to review the discovery. Approximately one to two hours into the review of the discovery, counsel for the United States found disturbing information related to the defendant's character, potential propensity for violence, and danger to the community. As this information was not previously known to counsel, nor was it presented to the Court at the original detention hearing, the United States respectfully requests that the release order be stayed pending further review by Judge Brazil. This new information demonstrates that there are no restrictions that can be placed upon the defendant which will reasonably assure the safety of the community.

The troubling information comes from the defendant's personal website located on MySpace.com. On this personal website, the defendant expresses his views and thoughts. In one place he states:

> Gunfire speaks the loudest.
>
> There comes a time when the tyranny of government becomes intolerable to the common man. It grinds at his spirit every day with it's rules and regulations. It chaffes at his freedom with it's conventions.
>
> In the past, this was the time when men took up sword and spear and struck down their oppressors. Today, the sword is the pistol, and the spear is the rifle.
>
> A single shot can change the world. Would you pull the trigger?

Ex. 1. This statement express a desire to cause harm and danger to the community and its government. Likewise, this statement was made very recently as shown by the posting date of

*United States v. Holste*
4-08-70022 WDB                                3

November 15, 2007. The defendant's friend "Monkey" responds to the defendant's question about pulling the trigger by suggesting that he would in fact commit mass murder:

> ....I think if you fire upon a man then you better be willing to kill all that are related to him...if not then you might have to worry about the son or people like him.....

*Id.* Similarly, the second response to the defendant's same question by his friend "aaron" is equally disturbing and also suggests the killing of multiple people:

> not only would i pull the trigger, i would empty the entire damn clip into him/her to make sure the job was done, then i would watch and see who steps up to take his place and see if he needs to be marked as a target

*Id.*

Furthermore, on the defendant's home page, near the top next to his picture, the first information to which the defendant directs the reader, suggests some kind of mass murder and/or death:

> "And we went amongst them, and in the morning not one of them lived. Young and old, man and woman, we doomed them all"

Ex. 2. Additionally on his home page, the defendant describes the type of people he would like to meet on his social networking website by stating:

> Seriously though, I'm looking for decent (in)human beings to join my army of darkness....

*Id.*

In another place, the defendant describes "The Legitimacy of Hate" by claiming:

> Often I hear people decrying hate as a terrible thing. However, they completely miss how powerful of an emotion hate can be, how much of a driving force it can be. I asked a soldier who fought in the pacific what he felt when he was fighting, and he said hate, hate for the Japanese. I asked a soldier who fought in France the same thing, and he gave me the same answer; hate for the Germans. It's what made them fight to the death instead of giving up, it's what made them such terrible foes. Even now, when we have no great centralized enemy to point at and say "I hate that", hate can still be a mighty tool. Hatred can make a man powerful, it can make him dangerous. Don't be afraid to hate, use it, don't fear it.

Ex. 3, at June 29, 2007.

These insights into the defendant's mind were not previously known to counsel or the

*United States v. Holste*
4-08-70022 WDB                                           4

Court at the detention hearing. Such evidence is deeply concerning and demonstrates mental instability, hatred and anger, an apparent disregard for human life, and a clear danger to the community. The result of anyone taking any action upon the defendant's thoughts or statements would result in the serious injury or death of others. These expressions should not be ignored and should be considered by the Court.

Moreover, at the previous detention hearing the defendant represented that the guns found in his truck were solely for target shooting in Redding, California. However, it becomes clear from the additional evidence that target shooting may not be the defendant's only motive. Taking the firearms together with the defendant's statements shows a danger and propensity for violent behavior. Additionally, the mere act of posting inflammatory comments about hatred and killing others shows a willingness by the defendant to encourage others to engage in violent and dangerous behavior. In sum, the evidence demonstrates a complete disregard for safety of others. Given the defendant's state of mind, it is clear that even his parents would have little control over the defendant if he were released. Indeed, because of the change in circumstance and the additional evidence, the United States respectfully request that the Court grant a stay of the release order pending reconsideration and further review.

In the alternative to granting the stay of the release order, the United States is willing and available to appear before duty Magistrate Judge Bernard Zimmerman on Friday, January 25, 2008, for a further review of these detention issues.

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: January 24, 2008

/S/
_____
BRYAN R. WHITTAKER
Special Assistant United States Attorney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4-08-70022 WDB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING MOTION TO STAY RELEASE ORDER PENDING RECONSIDERATION AND FURTHER REVIEW |
| CHAD A. HOLSTE, | ) | |
| Defendant. | ) | |
| | ) | |

Upon motion of the United States of America, and good cause appearing therefore,

IT IS HEREBY ORDERED that the United States' request to Stay the Release Order Pending Reconsideration and Further Review before the Honorable Wayne D. Brazil, United States Magistrate Judge on Monday, January 28, 2008, at 10:00 a.m., is GRANTED, and the defendant shall remain detained and in the custody of the United States Marshall until such date or as otherwise ordered by this Court.

Dated: January 25, 2008

HONORABLE WAYNE D. BRAZIL
United States Magistrate Judge

*United States v. Holste*
4-08-70022 WDB                                    6